RuffiN, C. J.
 

 It is very clear, that the
 
 committitur
 
 to the Sheriff was in execution, and could be in no other way. The debtor had been already arrested on a
 
 ca. sa.,
 
 and discharged out of custody upon giving bond with sureties. The sureties surrendered him, according to the
 
 *121
 
 power given to them in the 9th section of the insolvent act; and the question is, in what manner and for what purpose, when the creditor prays him in custody, is he to be deemed in custody ? Certainly, not in mesne process, for there is none such in the case ; and therefore he must be in on the execution, and there remain under the order of the Court, until a full and fair disclosure of his effects, and his discharge upon taking the oath of insolvency after the necessary notice, according to the 10th and 11th sections of the act. That seems to be the clear meaning of the statute, and so the Court held in
 
 Williams
 
 v.
 
 Floyd,
 
 5 Ired. 649. It follows, that the Sheriff had no power to enlarge the debtor out of prison, of his own will, and without the order of the Court. If, indeed, he might have done it at all, he could not in the way he did. The act requires a bond, with good and sufficient sureties, conditioned for the debtor’s appearance at the Court, to which the execution shall be returnable ; and in each particular this security is different.
 

 It is to be noted, that the act of 1777, c. 118, s. 11, alters the law, as it was under the statute, 4 Edw.. 3, by giving this action against the executor of the Sheriff, as well as to the executor of the creditor.
 

 Per Curiam. Judgment affirmed.